IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARGENT GROUP, LLC,<br>    Plaintiff, | § § § | |
| V. | § § § | CIVIL ACTION NO. 5:16-CV-802 |
| | § § § | |
| MASSACHUSETTS BAY INSURANCE<br>COMPANY AND BRAD TAYLOR<br>    Defendants. | § § § | JURY DEMANDED |

## MASSACHUSETTS BAY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Massachusetts Bay Insurance Company and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows:

### I. PROCEDURAL HISTORY

1. On July 14, 2016, Plaintiff Argent Group, LLC filed its Original Petition against Massachusetts Bay Insurance Company ("Mass Bay") and Brad Taylor in the 25th Judicial District Court of Guadalupe County, Texas, Cause No. 16-1619-CV (the "State Court Action"). See **Exhibit A** attached hereto and incorporated herein by reference.

2. Mass Bay was served on July 18, 2016 and has filed an answer in the State Court Action. Attached as **Exhibit B** is Mass Bay's Answer.

3. Defendant Brad Taylor has not been served with the State Court Action yet; however, he consents to removal.

4. Mass Bay's Notice of Removal was filed on August 11, 2016, which is within the

Page 1
PD.19815417.1

thirty-day statutory time period for removal under 28 U.S.C. § 1446(b).

## II.   DIVERSITY JURISDICTION

5.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.   Plaintiff Argent Group, LLC is a Texas limited liability company with its principal place of business in San Antonio, Texas.  Argent Group, LLC's members are as follows:  (a) Don T. Barnes, Jr., Member/Director, is a resident of Gainesville, Georgia; (b) William A. Rice, Member/Director, is a resident of Westlake, California; (c) Steve Brenner, Member, is a resident of Dallas, Texas; (d) David Shawn Blakeslee, Member/Director, is a resident of Sierra Madre, California; (e) Tonyja Duffield, Member/Director, is a resident of Sierra Madre, California; (f) Scott B. Ritchie, Member/Director, is a resident of Sierra Madre, California; (g) William J. Malcolm, Member/Director, is a resident of Westlake Village, California; (h) Lisa Hirschli Revocab is a resident of Denver, Colorado; and (i) Gary T. Lomax, Member/Director, is a resident of San Antonio, Texas.

7.   Defendant, Mass Bay, is a New Hampshire corporation, duly authorized and existing under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

8.   Defendant, Brad Taylor, is an individual whose place of residence is in Texas. As there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against Taylor, his citizenship should be disregarded for purposes of determining diversity jurisdiction. Defendant, Taylor, consents to the removal. See **Exhibit C**.

a.   **Amount in Controversy**

9.   Plaintiff's Original Petition expressly states that Plaintiff is seeking, "monetary relief over $200,000 but not more than $1,000,000..." The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to the Plaintiff's pleadings. The damages the Plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001). Thus, the total economic damages being sought by Plaintiff are in excess of the jurisdictional minimum amount in controversy.

b.   **Improper Joinder of Brad Taylor**

10.   A case may be removed despite a non-diverse defendant if that defendant was improperly joined; meaning the defendant was named improperly for the purpose of destroying diversity. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542. Thus, when determining whether diversity jurisdiction exists, courts shall disregard the citizenship of improperly joined defendants. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). Improper joinder can be established in either of the two ways: (1) actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court. *Id.; Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is determined based on an analysis of causes of action alleged in the petition at the time of removal. See *Tedder,*, 590 F.2d at 117. If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm*

*Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994). To evaluate the question of improper joinder, courts perform a Rule 12(b)(6)-type analysis, looking at the allegations of the petition to determine whether the petition states a claim under state law against the non-diverse defendant. *Smallwood,* 385 F.3d at 573.

11. Mass Bay does not assert actual fraud in the joinder of Taylor; rather, Mass Bay will show that Plaintiff's allegations against Taylor cannot support recovery against him in the State Court Action. The Fifth Circuit has made clear that in order to find a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm. *Hornbuckle,* 385 F.3d at 545 (citing *Liberty Mut. Ins. Co. v. Garrison Contractors,* 966 S.W.2d 482 (1998)).

12. Paragraphs 29 and 30 of Plaintiff's Original Petition purports to identify certain violations of the Texas Insurance Code against Taylor specifically. In paragraph 29, Plaintiff claims that Taylor misrepresented the scope the scope of damages resulting in Taylor's underpayment of the claim. In paragraph 30, Plaintiff alleges that Taylor committed other violations of the Texas Insurance Code resulting in underpayment to the Plaintiff. Contrary to Plaintiff's erroneous assertions, Mass Bay, not Taylor, is the insurer and is the entity that tendered payment to Plaintiff for its claim. All of Plaintiff's claims against Taylor arise out of Mass Bay's alleged underpayment of Plaintiff's claim.

13. Plaintiff wholly failed to allege facts in support of claims against Taylor independently, or to allege separate damages attributable to Taylor outside the course and scope of his duties as an adjuster. Indeed, Plaintiff's claims for damages "arise out of [Mass Bay's] failure to pay Plaintiff's claim, which is insufficient to establish a claim for damages against

[Taylor]." *DeCluette v. State Farm Lloyds,* No. 3:12-CV-4449-B, 2013 WL 607320 at *4 (N.D. Tex. Feb. 19, 2013).

14. Further, Plaintiff's claim for misrepresentation fails because Taylor was not a retail agent involved in the sale of the policy – and Plaintiff does not allege that he was – so, he could not have made any representation that Plaintiff could have relied upon. A post-loss representation, even if erroneous, is not actionable because the claimant cannot show any reliance to their detriment. *South Texas Nat. Bank of Laredo v. U.S. Fire Ins. Co.,* 640 F.Supp. 278, 280-81 (S.D. Tex., 1985).

15. Accordingly, even though Plaintiff includes a separate section purportedly relating to Taylor specifically, its allegations are insufficient to support a conclusion that it could recover against Taylor in his individual capacity.

    **c. Conclusion**

16. The amount in controversy is incontestably established, and Taylor, the only non-diverse defendant, is improperly joined. Therefore, diversity jurisdiction exists, and removal of this case is proper and timely noticed.

### III.  REMOVAL PROCEDURE

17. The clerk of the 25th Judicial District Court of Guadalupe County, Texas has been provided notice of this removal. Copies of the following documents are hereby provided to the clerk for filing in connection with this Notice of Removal:

    Exhibit A    Plaintiff's Original Petition in the State Court Action;

    Exhibit B    Mass Bay's Original Answer in the State Court Action

    Exhibit C    Brad Taylor's Consent to Removal

Exhibit D — Citation and Officer's Return of Service regarding Service of Process on Mass Bay.

Exhibit E — State Court's Docket Sheet

Exhibit F — Notice of Removal filed in State Court.

18. An Index of Matters Being Filed is attached.

## IV. JURY DEMAND

19. Defendant, Mass Bay, demanded a jury trial in state court.

20. Mass Bay hereby requests a trial by jury in federal court as well.

WHEREFORE, Defendant, Massachusetts Bay Insurance Company, respectfully requests that the above entitled action be removed from the 25th Judicial District Court of Guadalupe County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Peri H. Alkas
Peri H. Alkas; Texas Bar No. 00783536
Federal Bar No. 15785
ATTORNEY-IN-CHARGE
PHELPS DUNBAR, LLP
500 Dallas, Suite 1300
Houston, Texas 77002
Telephone (713) 626-1386
Facsimile (713) 626-1388
Email: peri.alkas@phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS, MASSACHUSETTS BAY INSURANCE COMPANY AND BRAD TAYLOR**

OF COUNSEL:
PHELPS DUNBAR LLP
Laura B. Englert
Texas Bar No. 24055135
Federal Bar No. 909973
Laura.englert@phelps.com

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing instrument has been served on all counsel of record by e-file notification, hand delivery, certified mail, return receipt requested, and/or facsimile on August 11, 2016.

Marc K. Whyte                                VIA CM/RRR: 7014 3490 0000 3310 6757
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, TX 78217

*P. Alkas*
Peri H. Alkas