5:16-CV-802

# EXHIBIT A

Electronically Filed
7/14/2016 4:47:24 PM
Debra Crow
Guadalupe County District Clerk
Kaley Younger, Deputy

CAUSE NO. 16-1619-CV

| | | |
|---|---|---|
| ARGENT GROUP, LLC | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 25TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| MASSACHUSETTS BAY INSURANCE | § | |
| COMPANY AND BRAD TAYLOR | § | GUADALUPE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

      **ARGENT GROUP, LLC**, Plaintiff herein, files this Original Petition against Defendants **MASSACHUSETTS BAY INSURANCE COMPANY** and **BRAD TAYLOR**, and in support of their causes of action would respectfully show the Court the following:

### I. THE PARTIES

      1.    Plaintiff **ARGENT GROUP, LLC** is a Texas limited liability company.

      2.    Defendant **MASSACHUSETTS BAY INSURANCE COMPANY** ("**MASSACHUSETTS BAY**") is a Foreign corporation authorized to engage in business in the State of Texas, and may be served through its registered agent: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Service is requested by certified mail, return receipt requested at this time.

      3.    Defendant **BRAD TAYLOR** is a Texas Resident who participated in adjusting Plaintiff's insurance claim, and he may be served with process of service by personal service at: **5910 N. Central Expressway, Dallas, Texas 75206**, or wherever he may be found.

## II. DISCOVERY

4.   This case is intended to be governed by Discovery Level 2.

## III. CLAIM FOR RELIEF

5.   The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV. JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.   Venue is proper in Guadalupe County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County at: 953 S. Hwy 123 Bypass, Seguin, Texas.

## V. FACTUAL BACKGROUND

8.   Plaintiff is a named insured under a commercial property insurance policy issued by MASSACHUSETTS BAY.

9.   On or about SEPTEMBER 23, 2015, Plaintiffs sustained covered losses in the form of water damage, accidental leaks, and discharges from within a pipe or sprinkler system underneath Plaintiff's property at: 953 S. Hwy 123 Bypass, Seguin, Texas (the "Property"), and damages resulting therefrom. The Property is an assisted living facility that houses elderly people in need of care.

10.   Plaintiff subsequently filed a claim on its insurance policy. Defendants improperly

2

denied and/or underpaid the claim.

11.     BRAD TAYLOR, on behalf of MASSACHUSETTS BAY was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     BRAD TAYLOR's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, MASSACHUSETTS BAY and BRAD TAYLOR performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

A.      **Breach of Contract (MASSACHUSETTS BAY Only)**

15.     MASSACHUSETTS BAY had a contract of insurance with Plaintiff. MASSACHUSETTS BAY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiffs were damaged thereby.

16.     Specifically, during the time the Property was covered by policy FDD A266990-01, it was discovered there was significant water located underneath the facility on the property – water that could only have arrived there through damage to, or the bursting of, a pipeline. As a result of the discovery of this water, Plaintiff complied with the terms of the Policy and sought to immediately mitigate the damages that would be caused by the water (which was especially important considering Argent Court's facility houses approximately 80 elderly people). Those mitigation efforts included digging trenches under and around the assisted living facility to determine from where the water had originated. After much hard work, the water leak was stopped. Unfortunately, the leak was not

3

stopped until after (a) significant expense had had been incurred by my Client, and (b) substantial damage, including foundation damage, was caused to the assisted living facility.

17.     MASSACHUSETTS BAY was required under the Policy to pay for all efforts to find the leak and stop the water leak, in addition to paying for the damage to the property that resulted from the water leak. Because it did not do so, the company breached the Policy.

**B.     Prompt Payment of Claims Statute (MASSACHUSETTS BAY Only)**

18.     The failure of MASSACHUSETTS BAY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA (MASSACHUSETTS BAY Only)**

20.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

21.     If the discovery of the water issue was not bad enough, MASSACHUSETTS BAY'S handling of the matter is perhaps even more troubling. Following the claim, the company was late to respond to the claim or to take any action. Eventually, MASSACHUSETTS BAY sent an engineer to the property, and this engineer, at MASSACHUSETTS BAYS'S direction, proceeded to do nothing more than a cursory, outcome-oriented inspection. In fact, not only was this inspection a short, surface level inspection, but the engineer actually lied to Plaintiff as he claimed that he would come back for a second inspection (to take measurements) and would call the plumber who found the leak to learn more information – but he never did. Nonetheless, on November 17, 2015, MASSACHUSETTS BAY and BRADY TAYLOR used the results of that "inspection" to wrongfully deny Plaintiff's claim by alleging that any damage to Argent Court's property was caused

4

by earth movement.

22.     Subsequently, but only after my Plaintiff brought the inadequacy of the engineer's investigation to MASSACHUSETTS BAY'S attention, BRAD TAYLOR and MASSACHUSETTS BAY were forced to take another look at the situation.  At this point, MASSACHUSETTS BAY realized that Argent Court was not going to accept the wrongful denial of its claim.  Knowing that this loss was covered under the Policy, on February 18, 2016 MASSACHUSETTS BAY admitted coverage and tried to placate my Plaintiff by sending it a nominal payment of $8,156.10. Unfortunately, this payment does not come close to meeting MASSACHUSETTS BAY'S obligations under the Policy.[1]

23.     MASSACHUSETTS BAY violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

24.     MASSACHUSETTS BAY violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiffs; and

(5)     refusing to pay the claim without conducting a reasonable investigation

---

[1] Argent Court also has information that Mr. Taylor has, without Argent Court's permission, contacted Argent Court's engineer and attempted to get that engineer to make admissions without Plaintiff's knowledge.  Such behavior is further evidence of MASSACHUSETT'S BAY'S bad faith.

5

with respect to the claim;

25.     MASSACHUSETTS BAY violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

26.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from MASSACHUSETTS BAY.

27.     MASSACHUSETTS BAY has violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     MASSACHUSETTS BAY represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     MASSACHUSETTS BAY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     MASSACHUSETTS BAY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that MASSACHUSETTS BAY INSURANCE COMPANY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the

6

consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

28.     MASSACHUSETTS BAY knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.      Actionable Conduct of Adjuster BRAD TAYLOR**

29.     With regard to the adjuster Defendant named herein, Plaintiff alleges BRAD TAYLOR made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered peril.  Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the covered peril, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by the water loss.  Consequently, BRAD TAYLOR significantly underpaid the claim to the detriment of the insured.  The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared.  Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff.  The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

30.     Further, BRAD TAYLOR committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages.  These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay

7

in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

**E.      Attorneys' Fees**

31.      Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32.      Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because they are represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33.      Plaintiff further prays that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 & 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

34.      All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII. DEMAND FOR JURY

35.      Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, they recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, including exemplary and punitive damages, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:    _____
      MARC K. WHYTE
      State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

9

Electronically Filed
7/14/2016 4:47:28 PM Electronically Served
Debra Crow   8/9/2016 11:58:34 AM
Guadalupe County District Clerk
25TH   Kaley Younger, Deputy

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* ___16-1619-CV___   COURT *(FOR CLERK USE ONLY):* ___25TH___

STYLED: ARGENT GROUP, LLC vs. MASSACHUSETTS BAY INSURANCE COMPANY AND BRAD TAYLOR

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Marc K. Whyte<br><br>Address:<br>1045 Cheever Blvd., Suite 103<br><br>City/State/Zip:<br>San Antonio, TX 78217<br><br>Signature<br>*M. K. Whyte* | Email:<br>mwhyte@whytepllc.com<br><br>Telephone:<br>210-562-2888<br><br>Fax:<br>210-562-2873<br><br>State Bar No:<br>24056526 | Plaintiff(s)/Petitioner(s):<br><br>ARGENT GROUP, LLC<br><br>Defendant(s)/Respondent(s):<br><br>MASSACHUSETTS BAY INSURANCE COMPANY<br>BRAD TAYLOR<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: ___<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>___<br><br>Non-Custodial Parent:<br>___<br><br>Presumed Father:<br>___ |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>   Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>   List Product:<br>___<br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>___ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: ___ | ☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: ___ | ☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ___ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| **Tax**<br>☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ___ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |