# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ARGENT GROUP, LLC, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. SA-16-CA–802-FB |
| ) | |
| MASSACHUSETTS BAY INSURANCE ) | |
| COMPANY, and BRAD TAYLOR, ) | |
| ) | |
|    Defendants. ) | |

## ORDER OF REMAND FOR LACK OF JURISDICTION

Before the Court are Plaintiff's Opposed Motion to Remand (docket no. 3) and the response (docket no. 4) in opposition thereto filed by defendant Massachusetts Bay Insurance Company. Plaintiff did not file a discretionary reply. After careful consideration, the Court is of the opinion the motion should be granted such that this case should be remanded to the state court from which it was removed for lack of federal subject matter jurisdiction.

## BACKGROUND

On July 14, 2016, plaintiff, a Texas limited liability company with its principal place of business in San Antonio, initiated the case when it filed an original petition in the 25th Judicial District Court of Guadalupe County, Texas, asserting claims relating to the commercial property insurance policy pertaining to real property located at 953 S. Hwy 123 Bypass, Seguin, Texas ("Property"). The Property is an assisted living facility which houses elderly people in need of care. The petition names two defendants–Massachusetts Bay Insurance Company ("Mass Bay") –and an individual adjuster who worked on plaintiff's claim–Brad Taylor ("adjuster Taylor"). Plaintiff's original petition alleges that Mass Bay is engaged in business in Texas and adjuster Taylor resides and is domiciled in Texas.

With respect to a factual background for plaintiff's claims, plaintiff's original petition alleges, in sum, that "[o]n or about September 23, 2015, plaintiff sustained covered losses in the form of water damage, accidental leaks, and discharges from within a pipe or sprinkler system underneath plaintiff's Property" and damages "resulting therefrom." Plaintiff filed a claim with Mass Bay, its insurance carrier. Mass Bay assigned Brad Taylor as the individual adjuster on the claim. Defendant Taylor "conducted a substandard investigation and inspection of the Property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." Defendant Taylor's "unreasonable investigation led to the underpayment of plaintiff's claim." Moreover, Mass Bay and defendant Taylor "performed an outcome-oriented investigation of plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of plaintiff's losses on the property."

The original petition asserts causes of action against Mass Bay for: (1) breach of contract; (2) noncompliance with the Texas Insurance Code relating to the prompt payment of claims; and (3) breach of the duty of good faith and fair dealing. Plaintiff alleges additional causes of action only against defendant Taylor for violating the Texas Insurance Code relating to unfair settlement practices. As relief, plaintiff seeks actual damages, compensatory damages, exemplary damages, plus attorneys' fees, costs, and interest. Plaintiff's jurisdictional statement alleges plaintiff is seeking more than $200,000 but not more than $1,000,000."

On August 11, 2016, defendants removed plaintiff's state case to this Court, asserting removal is properly based on diversity of citizenship. With respect to citizenship, defendants represent:

- "Defendant Mass Bay, is a New Hampshire Corporation, duly authorized and existing under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

- Defendant Taylor, alleged in plaintiff's original petition to be a citizen of Texas, has been improperly joined to defeat diversity.

With respect to the amount in controversy, defendants state that the amount in controversy is in excess of the minimum sum of $75,000.

On September 9, 2016, plaintiff filed a motion to remand the case to state court. On September 19, Mass Bay filed a response in opposition to plaintiff's motion. The issue is whether plaintiff's motion to remand should be granted or denied.

<div align="center">STANDARDS OF REVIEW</div>

A.   Removal/Remand

In matters of removal and remand, federal courts must be mindful of the overriding principle that they have no inherent subject matter jurisdiction and are courts of limited jurisdiction by design and origin.[1]  As a result, the initial presumption is that a federal court lacks subject matter to resolve the matters before it.[2]

Section 1441(a) of Title 28, United States Code, permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction," except as otherwise expressly provided by an Act of Congress.[3]  Under case law interpreting § 1441(a), "[a] defendant may remove a state court action to federal court only if the action could have originally been

---

[1] See People's Nat'l Bank v. Office of U.S. Comptroller of Currency, 362 F.3d 333, 336 (5th Cir. 2004); Oliver v. Trunkline Gas Co., 789 F.2d 341, 343 (5th Cir. 1986).

[2] Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994); Bosky v. Kroger Tex., L.P., 288 F.3d 208, 211 (5th Cir. 2002).

[3] 28 U.S.C. § 1441(a).

filed in the federal court."[4]  Removal jurisdiction must be strictly construed because it "implicates important federalism concerns."[5]

Whether a case may be removed is a question of federal law to be decided by federal courts.[6] To determine if removal is proper, the federal court considers the claims in the state court petition as they existed at the time of removal.[7]  Moreover, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."[8]  The burden of establishing federal jurisdiction is on the party seeking removal.[9]

With respect to removal based on federal question subject matter jurisdiction, district courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States."[10]  In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will rely upon" in asserting his claims.[11]  When potential remedies exist under both federal and state law, a plaintiff may elect to

---

[4] Anderson v. Am. Airlines, Inc., 2 F.2d 590, 593 (5th Cir. 1993); Aaron v. Nat'l Fire Ins. Co. of Pittsburgh, Penn., 876 F.2d 1157, 1160 (5th Cir. 1989), cert. denied sub. nom., Am. Home Ins. Grp. v. Aaron, 493 U.S. 1074, 110 S. Ct. 1121 (1990) (citations omitted).

[5] Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008).

[6] See Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assoc. Inc., 4 F.3d 614, 618 (8th Cir. 1993), cert. denied, 511 U.S. 1126, 114 S. Ct. 2132 (1994); Vidaurri v. H.M.R. Prop., No. SA-06-CA-1124-FB, 2007 WL 1512029, at *3 (W.D. Tex. Mar. 8, 2007) (Mathy, J.).

[7] Reimer & Koger, 4 F.3d at 618.

[8] Gutierrez, 543 F.3d at 251.

[9] Id.

[10] 28 U.S.C. § 1331.

[11] Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2061-62 (2003) (quoting The Fair v. Kohler Die & Spec. Co., 228 U.S. 22, 25, 33 S. Ct. 410, 411-12 (1913)).

proceed only under state law and avoid federal court jurisdiction.[12]  On the other hand, when plaintiff's well-pleaded complaint establishes that federal law creates the cause of action, the case "arises under" federal law, conferring jurisdiction on federal courts.[13]  When the face of a complaint fails to reflect an express federal claim, removal may be proper if it appears the complaint has been artfully pleaded to avoid reference to any federal law.[14]

With respect to removal based on federal diversity subject matter jurisdiction, district courts have federal diversity jurisdiction when there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.[15]  "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[16]

If a removed suit involves both a federal question and an otherwise nonremovable claim, that is, a claim not within the Court's original or supplemental jurisdiction or a claim statutorily barred from

---

[12] See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429-30 (1987).

[13] Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90, 126 S. Ct. 2121, 2130-31 (2006).

[14] See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 22, 103 S. Ct. 2841, 2853 (1983) ("it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint"); Vidaurri, 2007 WL 1512029, at *3.

[15] 28 U.S.C. § 1332.

[16] 28 U.S.C. § 1441(b).

being removed, the Court must sever the otherwise nonremovable claim.[17] The Court must then remand the severed claim to state court.[18]

Further, the Court has discretion to remand claims over which it has only supplemental jurisdiction. Once a federal court "has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims . . . even if it dismisses or otherwise disposes of the federal claim or claims."[19]

B.  Improper Joinder

If a state suit could have been brought in federal court based on diversity jurisdiction, it ordinarily can be removed. Federal courts have removal jurisdiction for diversity cases when the suit involves citizens of different states or between a citizen of a state and an alien, and the amount in controversy exceeds $75,000.00, excluding interests and costs.[20]

When a case is removed to federal court on the basis of diversity jurisdiction, there must be complete diversity between the plaintiff and all defendants.[21] In addition, pursuant to 28 U.S.C. § 1441(b), no defendant can be a citizen of the state where the lawsuit was filed.[22] But, when a defendant has been improperly joined to defeat diversity, a federal court may disregard the citizenship of the

---

[17] 28 U.S.C. § 1441(c).

[18] 28 U.S.C. § 1441(c)(2).

[19] Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999) (citing 28 U.S.C. § 1367).

[20] 28 U.S.C. § 1332(a) (2011).

[21] Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74, 98 S. Ct. 2396, 2402 (1978).

[22] 28 U.S.C. § 1441(b).


improperly joined defendant for the purpose of determining diversity.[23] Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of plaintiff to establish a cause of action against the non-diverse party in state court."[24]

The burden on the defendant to prove improper joinder is a heavy one.[25] To show improper joinder under the second ground, a defendant must establish "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the District court to predict that the plaintiff might be able to recover against an in-state defendant."[26] Whether a "reasonable basis" exists is determined in one of two ways. The Court may utilize a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendant."[27] Less commonly, in cases where the "plaintiff has stated claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the Court may, at its discretion, "pierce the pleadings and conduct a summary inquiry."[28] The Fifth Circuit Court of Appeals cautions that a summary inquiry approach "is appropriate only to identify the presence of discrete and undisputed facts," "the motive or purpose

---

[23] Burden v. Gen. Dynamics Corp., 60 F.3d 213, 217-18 (5th Cir. 1995).

[24] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003)).

[25] Travis, 326 F.3d at 649.

[26] Smallwood, 385 F.3d at 573; Travis, 326 F.3d at 647; Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000) ("[T]here must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder" (emphasis in original)).

[27] Smallwood, 385 F.3d at 573.

[28] Id.

of the joinder of in-state defendants is not relevant," and "any piercing of the pleadings should not entail substantial hearings."[29] "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[30] Any contested issues of facts and ambiguities of state law must be resolved in the favor of the party opposing removal.[31]

## DISCUSSION

At the time of removal and at the time of the filing of plaintiff's motion to remand, plaintiff's "live" pleading was plaintiff's original petition which, in a section called "factual background," sets out factual allegations in eight numbered paragraphs. Plaintiff's original petition alleges that defendant Taylor:

- "conducted a substandard investigation and inspection of the Property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection."

- conducted an "unreasonable investigation [which] led to the underpayment of plaintiff's claim."

- performed an outcome-oriented investigation of plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of plaintiff's losses on the property.

A section of the original petition lists "causes of action" which includes a subsection with the title "actionable conduct of adjuster Brad Taylor." Two numbered paragraphs refer to specifically identified sections of Texas Insurance Code– 541.002, 541.060, 541.06, and 541.003–and allege defendant Taylor:

---

[29] Id. at 573-74.

[30] Id. at 574.

[31] Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011).

- "made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered peril. Said defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the covered peril, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by the water loss. Consequently, Brad Taylor significantly underpaid the claim to the detriment of the insured. The named defendant adjuster acted with actual awareness that said defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the defendant adjuster prepared. Therefore, as an "Adjuster," the defendant adjuster meets the definition of "person" under § 541.002, and therefore liable under § 543.003 et seq. of the Texas Insurance Code. The defendant adjuster misled plaintiff. The acts and omissions of the defendant adjuster violate § 541 and § 542 of the Texas Insurance Code, for which plaintiff seeks damages."

- "Further, Brad Taylor committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the plaintiff, as well as delay in plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the plaintiff's claim, and failed to promptly provided the plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance."

Sections 541.060 (a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code state,

in pertinent part:

(a)  It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

    (1)  misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

9

> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
>> (A) a claim with respect to which the insurer's liability has become reasonably clear; or
>
> * * *
>
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> (4) failing within a reasonable time to:
>
>> (A) affirm or deny coverage of a claim to policyholder; or
>>
>> (B) submit a reservation of rights to a policyholder;
>
> * * *
>
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.[32]

With respect to defendants' argument that plaintiff has no possibility of recovery against defendant Taylor for violating Texas Insurance Code § 541.060(a) because defendant Taylor was an "adjuster," the Court concludes the reasoning of Judge Sparks in Shade Tree Apartments supports remanding this case. In Shade Tree Apartments, Judge Sparks remanded a Texas plaintiff's claims against two insurance companies and two adjusters brought under Texas Insurance Code §§ 541.060(a)(1), (2), (3), (4), (5), and (7).[33] Plaintiff also alleged the two adjusters "violated section 542 by failing to accept or reject [its] claim in writing within the statutory timeframe . . . [and] by failing to pay [its] claim within the statutory period."[34] Here, plaintiff's original petition references a § 542

---

[32] TEX. INS. CODE § 541.060.

[33] 2015 WL 8516595, at *4.

[34] Id.

claim against defendant Taylor. When expressly rejecting defendants' argument that "Shade Tree cannot recover against the non-diverse adjusters for violations of the Texas Insurance Code as a matter of law based on a recent line of cases holding that adjusters can only be liable if they misrepresent the scope of the coverage or have settlement authority on behalf of the insurer,"[35] the Court cited two recent decisions which held that § 541.060(a)(2)(A) "suggests adjusters may be liable under the section even if they do not have settlement authority."[36] The Court held that the "split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand,"[37] stating:

> In the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand. See Birch, 2015 WL 5125885, at *2 ("Because removal jurisdiction implicates federalism concerns, '[a]ny ambiguities are construed against removal and in favor of remand.'" (citations omitted)); see also Hood ex rel. Miss. v. JP Morgan Chase & Co., 737 F.3d 78, 84 (5th Cir. 2013). Indeed, the Court declines to usurp the authority of Texas courts to determine whether Texas law provides the requested relief against adjusters as a matter of law and instead only asks whether there is a reasonable basis to predict that Shade Tree might be able to recover against Knox or Ruscher. Smallwood, 385, F.3d at 573. Considering the myriad other district court cases finding claims for violations of the Texas Insurance Code exist under circumstances similar to those alleged by Shade Tree, including Linron and its progeny, and considering the federalism concerns favoring remand, the Court finds Defendants have not met their heavy burden of showing there is no possibility Shade Tree could recover against Knox or Ruscher in state court.[38]

---

[35] Id. at *5.

[36] Id.

[37] Id., at *4-*6.

[38] Id. at *6 (citations omitted).

11

As Judge Sparks in Shade Tree, the Court concludes plaintiff has alleged sufficient actionable conduct by defendant Taylor such that plaintiff "could at least potentially recover" against defendant Taylor for "violations of, at a minimum, § 541.060(a)(2)(A)."[39]

With respect to defendants' arguments that plaintiff's formulaic allegations against defendant Taylor are factually insufficient to state a claim, the Court cannot conclude that plaintiff has not made factual allegations that can give rise to liability under § 541.060(a). Plaintiff's allegations against defendant Taylor are similar to the allegations that Judge Sparks found to be sufficient to show a possibility of liability under § 541 to support remand in Shade Tree Apartments.[40] Further, plaintiff's allegations are similar to the allegations Judge Ezra found to be sufficient to show a possibility of liability under § 541 to support remand in Birch v. Stillwater Insurance Company.[41] This Court also reached the same result in accepting the Report and Recommendation of United States Magistrate Judge Pamela A. Mathy in Garcia v. Chubb Lloyds Insurance Company.[42] Although plaintiff's factual

---

[39] Id.

[40] Id. at *1, *4. In Shade Tree Apartments, plaintiff alleged that defendant Knox, an adjuster for defendant Great Lakes Reinsurance (UK) PLC, was "the agent" of Great Lakes, and "adjusted the Plaintiff's claim by investigating, processing, evaluating, approving and/or denying, in whole or in part, Plaintiff's claim." Id. at *4. Judge Sparks stated that plaintiff also alleged that Knox and Ruscher, an adjuster for defendant Seneca Insurance Company, "acting independently of each other, performed substandard, outcome-oriented investigations and misrepresented the amount of covered damages under their respective policies." Id. at *1.

[41] No. 5:15-cv-448-DAE, 2015 WL 5125885, at *3-*4 (Sept. 1, 2015). In Birch, plaintiff alleged that the adjuster was: "the agent" for the insurance company; "adjusted the Plaintiff's claim by investigating, processing, evaluating, approving and/or denying in whole or in part, Plaintiff's claim;" "improperly adjusted the Plaintiff's claim;" "conducted a substandard inspection;" "misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of insurance coverage;" and "caused [the insurance company] to underpay Plaintiff on her insurance claim." Id. at *3.

[42] No. 5:16-cv-568-FB, docket nos. 21 & 27.

allegations in support of a § 541 Texas Insurance Code cause of action against defendant Taylor might be minimal, this Court similarly concludes that plaintiff's allegations against defendant Taylor are sufficient to show plaintiff has a possibility of recovery against defendant Taylor.[43]

In sum, defendants have not met their "heavy burden" of showing there is "no possibility" that plaintiff could recover against defendant Taylor. In deference to "the federalism concerns favoring remand,"[44] it should be a state judge who decides whether plaintiff has stated a claim for relief or can recover on a claim against defendant Taylor.[45]

---

[43] The Court is aware of Judge Yeakel's decision in Sanchez v. Allied Prop. & Cas. Ins. Co., No. 1:16-cv-176-LY, 2016 WL 1669989 (April 18, 2016). In Sanchez, Judge Yeakel granted an insurance adjuster's unopposed motion to dismiss for failure to state a claim plaintiff's Texas Insurance Code claims, based in part on plaintiff's failure "to plead *any facts* relating to [defendant's] conduct that rise about the level of conclusory allegations" or "*any specific factual content* that allows the court to draw the reasonable inference that [defendant] is liable . . ." Id. at *2 (emphasis added). Sanchez is distinguishable on the law and on the facts: (1) Judge Yeakel was deciding a motion to dismiss, not a motion to remand which has a different standard; and (2) defendants have not demonstrated plaintiff has failed to allege "any facts" or "any specific factual content."

[44] Shade Tree Apartments, 2015 WL 8516595 at *6. See also Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002) (citing Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir.1996)).

[45] Further, although not argued by the parties, the Court has considered the applicability of 28 U.S.C. §1441(b)(2) to plaintiff's motion to remand. Section 1441(b)(2) provides an alternative basis to remand this case and states:
> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed **if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**.

28 U.S.C. § 1441(b)(2) (emphasis added). Plaintiff's original petition alleges defendant Taylor is " a Texas Resident who participated in adjusting plaintiff's insurance claim." Defendants present no evidence to show defendant Taylor is not a "citizen" of Texas for the purposes of determining diversity subject matter jurisdiction. Therefore, both plaintiff and defendant Taylor are citizens of Texas and because defendants have not demonstrated defendant Taylor was not "properly joined and served" as a defendant, the case must be remanded pursuant to § 1441(b)(2).

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion to Remand (docket no. 3) is GRANTED such that this case is REMANDED to the 25th Judicial District of Guadalupe County, Texas, for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a certified copy of this Order of Remand to the clerk of the state court from which this case was removed.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 19th day of October, 2016.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE